No. 10-4339

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHAWN LENNARD,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Ohio
Western Division

The Honorable Jack Zouhary
District Judge

_____

BRIEF OF APPELLANT

_____

Spiros P. Cocoves
610 Adams St., 2nd Floor
Toledo, Ohio 43604-1423
419/241-5506 (voice)
419/242-3442 (fax)
scocoves@gmail.com (email)

Counsel for Shawn Lennard

## <u>TABLE OF CONTENTS</u>

Table of Contents                                                          i

Table of Authorities                                                      ii

Statement Regarding Oral Argument                            iii

Jurisdictional Statement                                              1

Statement of the Issues                                              1

Statement of the Case                                                2

Statement of the Facts                                              4

Summary of Arguments and Standards of Review            6

Argument

1.  THE DISTRICT COURT ERRED TO THE PREJUDICE OF
MR. LENNARD BY DENYING HIS MOTION TO SUPPRESS
THE SEARCH WARRANT IN THIS CASE AND ANY
EVIDENCE OBTAINED AS A RESULT OF THAT WARRANT      7

2.  THE DISTRICT COURT ERRED TO THE PREJUDICE OF
MR. LENNARD BY DENYING HIS MOTION TO SUPPRESS
STATEMENTS MADE TO LAW ENFORCEMENT OFFICERS      11

3.  MR. LENNARD'S RIGHT TO A TRIAL BY JURY AS
GUARANTEED UNDER THE SIXTH AMENDMENT WAS
VIOLATED BY THE DISTRICT COURT'S IMPOSITION OF
ENHANCEMENTS IN HIS BASE OFFENSE LEVEL              15

Conclusion                                                              19

Certificate of Compliance                                        20

Certificate of Service                                              20

Addendum                                                              21

i

TABLE OF AUTHORITIES

<u>CASES</u>                                                                                                      <u>Page in text</u>

<u>Colorado v. Connelly</u>, 479 U.S. 157 (1986)                                                          12

<u>Dickerson  v. United States</u>, 530 U.S. 428 ( 2000)                                              13

<u>Gall v. United States</u>,  552 U.S. 38 (2007)                                                          18

<u>Illinois v. Gates</u>, 462 U.S. 213 (1984)                                                                 8

<u>McCall v. Dutton</u>, 863 F.2d 454 (6th Cir. 1988)                                            13

<u>Miller v. Fenton</u>, 474 U.S. 104 (1985)                                                                13

<u>Rhode Island v. Innis</u>, 446 U.S. 291 (1980)                                                       13

<u>Rita v. United States</u>, 551 U.S. 338 (2007)                                                        17

<u>Schneckloth v. Bustamonte</u>, 412 U.S. 218 (1973)                                          13

<u>Spinelli v. United States</u>, 393 U.S. 410 (1969)                                                    9

<u>United States v. Choice</u>, 201 F.3d 837 (6th Cir. 2000)                                   8

<u>United States v. Cole</u>, 315 F.3d 633 (6th Cir. 2003)                          12

<u>United States v. Helton</u>, 314 F.3d 812 (6th Cir. 2003)                                   9

<u>United States v. Hurst</u>, 228 F.3d 751 (6th Cir. 2000)                                     6

<u>United States v. Montgomery</u>, 377 F.3d 582 (6th Cir. 2004)                       6

<u>Withrow v. Williams</u>, 507 U.S. 680 (1993)                                                         13

## STATUTES/COURT RULES

18 U.S.C.  2251                                                          2

18 U.S.C.  2252                                                          2

18 U.S.C.  2252A                                                         2

28 U.S.C. 1291                                                           1

28 U.S.C. 3231                                                           1

Sentencing Guidelines                                                15-18

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Lennard, unless otherwise directed by this court, does not seek oral argument in this matter.

SUBJECT MATTER AND APPELLATE JURISDICTIONAL SUMMARY

Jurisdiction of this court is conferred pursuant to 28 U.S.C. 1291.  Jurisdiction of the district court was based upon 18 U.S.C. 3231.  A notice of appeal was filed with the clerk of the district court for the Northern District of Ohio, Western Division, on October 7, 2010 from the judgment and commitment order signed by Judge Jack Zouhary on October 5, 2010.

STATEMENT OF THE ISSUES

Whether the district court erred in denying Mr. Lennard's motion to suppress the fruits of a search warrant of Mr. Lennard's residence.

Whether the district court erred in denying Mr. Lennard's motion to suppress statements to law enforcement officers.

Whether the district court's conclusions in determining Mr. Lennard's guideline offense level, by relying on matters not admitted by him, nor submitted to a jury for determination, violated his right to a trial by jury as guaranteed under the Sixth Amendment.

## STATEMENT OF THE CASE

Shawn Lennard was named in a criminal complaint filed on September 18, 2009.  The complaint alleged a violation of 18 U.S.C. 2252A(a)(5)(B) (possession of material that contains an image of child pornography) (R. 1, Complaint).  On that same day Mr. Lennard, with counsel, appeared before a magistrate, and was ordered detained.  Mr. Lennard, on September 22, 2009 waived a preliminary hearing.

On October 7, 2009 a grand jury handed down a three-count indictment.  Count One alleged a violation of 18 U.S.C. 2251(a) (production of child pornography); Count Two a violation of 18 U.S.C. 2251(A)(a)(2)(A) (receipt of child pornography); and Count Three a violation of 18 U.S.C. 2252(A)(a)(5)(B) (possession of child pornography) (R. 1, Indictment).  On October 14, 2009 Mr. Lennard entered not guilty pleas as to each count.

A superceding indictment was handed down on January 6, 2010 (R. 18, Superceding Indictment).  Counts One and Two of this indictment alleged violations of 18 U.S.C. 2251(a) (production of child pornography); Count Three a violation of  18 U.S.C. 2252A(2)(A) (receipt of child pornography); and Count Four a violation of 18 U.S.C. 2252A(a)(5)(B)(possession of child pornography).  Mr. Lennard entered not guilty pleas as to each count on January 11, 2010.

On January 8, 2010, Mr. Lennard filed four motions, two of which are before the Court in this appeal.   The first sought to suppress evidence (R. 20, Motion to Suppress Evidence), while the other sought to suppress statements (R. 21, Motion to Suppress Statements).

The government filed responses.  They were filed on February 9, 2010, (R. 34, Response by United States of America in opposition to Motion to Suppress Evidence); and (R. 35, Response by United States of America to Motion to Suppress Statements).

The district court held a hearing on the remaining motions to suppress on May 26, 2010.  At the conclusion of the hearing the district court denied the remaining motions.

Mr. Lennard, on June 21, 2010, entered no contest pleas as to each count.   The pleas were conditional to permit Mr. Lennard to appeal to this Court the denials of his motions to suppress.

Sentencing occurred on September 27, 2010. The district court imposed the maximum sentence as to each count, to run consecutively to another for a total of 90 years.  The district court's judgment was filed on October 5, 2010. (R. 53, Judgment).

A timely notice of appeal was filed on October 7, 2010.  (R. 54, Notice of Appeal).

## STATEMENT OF FACTS

## FACTS OFFERED IN SUPPORT OF FINDING OF GUILTY

The factual basis of the district court's acceptance of Mr. Lennard's pleas of no contest was articulated by an assistant United States attorney at the plea hearing of June 21, 2010 (R. 71, Plea of Guilty hearing transcript at 24-33). Additional facts are contained in the transcript of the motion to suppress hearing of May 26, 2010 (R. 72, Motion hearing transcript at 24-60), as well as portions of the presentence report. More facts will be detailed in the argument section of this brief.

## FACTS OF SUPPRESSION HEARING OF 05/26/2010

The district court held a hearing on Mr. Lennard's motion to suppress any statements he may have made during the execution of a search warrant at his home on September 17, 2009 (R. 21, Motion to Suppress Statements). During the hearing the district court heard from two witnesses from the government: Adam Maddock and John Wagner, both agents with the Federal Bureau of Investigation. The defense did not present any witnesses.

Agent Maddock testified that Mr. Leonard was placed into custody and read his <u>Miranda</u> rights. Mr. Lennard, according to Agent Maddock, invoked his right to counsel and all questioning ceased. Rather than transport him to the local jail, he was told to sit on the back of a pick up truck while his home was searched. He remained

at the truck for the entire search, which took approximately three hours.  According to Agent Maddock, there were some 10-20 agents as part of the team executing the search warrant.  (R.  72, Transcript of 05/26/2010 hearing at 25-29).

It was during this three-hour period that Mr. Lennard made certain statements that were overheard by Agent Maddock.  These statements were of an incriminating nature.  Those statements consisted of an expletive about his general situation, that his face would be in one of the videos, and that at least one of the victims was receptive to his advances.  (R.  72, Transcript of 05/26/2010 hearing at 30-31).

Agent Wagner testified in a similar manner.  He also told the district court that Mr. Lennard made several incriminating statements.  What concerned him most were statements by Mr. Lennard that he was thinking of suicide.  This resulted in a closer monitoring of Mr. Lennard.  (R.  72, Transcript of 05/26/2010 hearing at 45-54, 60).

## SUMMARY OF ARGUMENTS AND STANDARDS OF REVIEW

In his first two arguments Mr. Lennard appeals the district court's denial of his motions to suppress the fruits of a search warrant, as well as statements made to law enforcement officers during the execution of that warrant. When reviewing the denial of a motion to suppress, this Court reviews a district court's factual finding for clear error and its legal conclusions de novo. United States v. Hurst, 228 F.3d 751, 756 (6th Cir. 2000). All evidence must be viewed "in the light most likely to support the district court's decision." Id., see also United States v. Montgomery, 377 F.3d 582, 585 (6th Cir. 2004) ("When considering the denial of a suppression motion, we must view the evidence in the light most favorable to the government.").

In his final argument Mr. Lennard challenges the district court's enhancement of his advisory guideline sentence for a number of enhancements that boosted his guideline range. Mr. Lennard argues that these enhancements violated his Sixth Amendment right to a trial by jury. Because this issue turns on a constitutional interpretation, this Court's review is de novo. United States v. Choice, 201 F.3d 837, 840 (6th Cir. 2000).

<u>ARGUMENT</u>

1.    THE DISTRICT COURT ERRED TO THE
PREJUDICE OF MR. LENNARD BY DENYING HIS
MOTION TO SUPPRESS THE SEARCH WARRANT IN
THIS CASE AND ANY EVIDENCE OBTAINED  AS A
RESULT OF THAT WARRANT.

Mr. Lennard, through counsel, filed a motion to suppress the fruits of  a search warrant of his home.  Mr. Lennard argued that the affidavit in support of the warrant lacked probable cause because the reliability of the informants was not sufficiently established.  The district court, in an opinion from the bench, denied the motion, reasoning that the reliability of the informants was established and, even if they were not reliable, the remaining portions of the affidavit established probable cause. (R. 72, Transcript of 05/26/2010 hearing at 21-24, Exhibit C).

In his motion Mr. Lennard advanced several reasons in support.  They consisted of an allegation that the information contained in the affidavit is uncorroborated hearsay evidence obtained from declarants of unknown reliability; the affidavit did not provide the issuing judge with a substantial basis for an independent determination that probable cause existed to issue the warrant; and there was no reported attempt by law enforcement officers to independently corroborate the conclusory hearsay information furnished by the "confidential witnesses" referenced in the affidavit for search warrant.

In his motion Mr. Lennard argued the determination of probable cause was, in effect, made by the affiant or "confidential witnesses." (R. 20, Motion to Suppress Evidence). Nothing in the affidavit provides a magistrate with information that would support a conclusion that the "confidential witnesses" are honest or their information is accurate, untainted and reliable. Illinois v. Gates, 462 U.S. 213, 227 (1984).

There are 32 paragraphs detailing information contained in the affidavit offered in support of the search warrant. The first 17 paragraphs offered in support of the affidavit describe the affiant's qualifications and experience, as well as some general, non case specific detail. Paragraphs 18-22 are more specific, but the source is referred to as a "CW" assisting the Honolulu Police, with only a vague reference to his reliability. Paragraph 22 has a reference to an individual cooperating with the source in Paragraph 18, with no reference to this person's reliability. Paragraphs 23-28 consist of information derived as a result of the informants' information. Paragraphs 29-32 contain a summary and explain the type of warrant sought.

If, as is present here, the affidavit includes hearsay from a confidential informant, the reviewing court "must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information . . . ." United States v. Helton, 314 F.3d 812, 819 (6th Cir. 2003).

8

It is important to remember that review of the warrant is limited to the four corners of the application and the affidavit.  <u>Spinelli v. United States</u>, 393 U.S. 410, 413 n. 3, 89 S.Ct. 584, 587 n. 3 (1969).  Looking within the "four corners" of the affidavit offered in support of the warrant, as well as the totality of the circumstances present in this case, it is difficult to support the issuance of the warrant for the reason it contains nothing more than the bald, unsupported assertions of informants.

Moreover, the affidavit did not provide the issuing magistrate with a substantial basis for an independent determination that probable cause existed to issue the warrant to search Mr. Lennard's premises, where it contained only conclusory, hearsay information obtained from unnamed sources.  In addition, there is nothing in the affidavit that points to efforts by law enforcement officers to independently corroborate the conclusory hearsay information furnished by the "confidential witnesses" referenced in the affidavit for search warrant.

This is highlighted by the attribution of information from a source assisting the confidential informant.  As argued by defense counsel in the district court, nothing in the affidavit provides anything to establish this individual's reliability, aside from the source himself, whose reliability is not supported in the affidavit.  In short, the affidavit derives its information from a source, and that source derives information from another source, neither of whom is identified as reliable and why that source is

reliable.  (R. 72, Transcript of 05/26/2010 hearing at 11-24, Exhibit C, Paragraphs 18-22 ).

     These shortcomings are dispositive and the remainder of the affidavit cannot establish probable cause.  It is submitted that the district court erred in denying the motion to suppress for all of these reasons.

2.    THE DISTRICT COURT ERRED TO THE
PREJUDICE OF MR. LENNARD BY DENYING HIS
MOTION TO SUPPRESS STATEMENTS MADE TO
LAW ENFORCEMENT OFFICERS.

Mr. Lennard, through counsel, filed a motion to suppress statements made to

law enforcement officers while he was detained during the execution of a search

warrant of his home.  Mr. Lennard argued that the law enforcement officers detained

him at the scene of the search warrant execution in an attempt to have him blurt out

what turned out to be incriminating statements.

The district court, in an opinion from the bench, denied the motion, reasoning

that the atmosphere was not coercive.  The district court stated there was nothing that

permitted a finding that the officers in any way encouraged Mr. Lennard to make

statements to them of an incriminating nature.  The district court further found that

any statements made by Mr. Lennard were voluntary and not the result of any

wrongdoing by the agents.  (R.  72, Transcript of 05/26/2010 hearing at 64-66).

It is submitted that the district court erred in denying the motion to suppress for

several reasons.  Those reasons are that Mr. Lennard could have been taken to a local

jail once he invoked his Miranda rights, that he was placed outside, presumably so that

he could presumably view the evidence being carried out of the house, and that no

effort was made to discourage him from making statements, be they random or

otherwise, and finally, his comments about suicide should have compelled a trip to a hospital or some other secured facility.

The undisputed testimony established that Mr. Lennard was kept at a location -- near his home -- where the search warrant was being executed, rather than transported to a local jail. The testimony was also undisputed that he was in custody, or, more plainly, he was not free to leave. Finally, it was undisputed that the agents were investigating serious charges.

Yet no effort was made to take him to a jail, although there were between 10-20 law enforcement officers at the scene. Surely there were two agents available to transport him to a jail. That they failed to do so permits an inference that it was calculated to do just what occurred: eliciting incriminating statements from Mr. Lennard.

Under established Supreme Court authority, to prove an unconstitutional confession, "coercive police activity is a necessary predicate to finding that a confession is not 'voluntary.' " Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515 (1986). Further, the court, in United States v. Cole, 315 F.3d 633 (6th Cir. 2003), noted the Supreme Court has defined "interrogation" as "words or actions on the part of police officers that they should [know are] reasonably likely to elicit an

incriminating response." Id. at 636 (emphasis added, quoting Rhode Island v. Innis, 446 U.S. 291, 302 (1980).

A confession is considered involuntary if (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne because of the coercive police activity in question. McCall v. Dutton, 863 F.2d 454, 459 (6th Cir. 1988) (citations omitted). In determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution[.]" Miller v. Fenton, 474 U.S. 104, 112, 106 S.Ct. 445 (1985).

The ultimate question is " 'whether a defendant's will was overborne by the circumstances surrounding the giving of a confession.' " Dickerson v. United States, 530 U.S. 428, 434, 120 S.Ct. 2326( 2000) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S.Ct. 2041 (1973)). Those circumstances include whether there was police coercion-a "crucial element," the length of interrogation, the location of the interrogation, the continuity of interrogation, the suspect's maturity, his education, his physical condition and mental health, and whether the suspect was advised of his Miranda rights. See Withrow v. Williams, 507 U.S. 680, 693-694, 113 S.Ct. 1745 (1993).

Here, viewing the totality of the circumstances, the agents' actions in keeping Mr. Lennard at the scene, rather than transporting him to a jail, is ample evidence of coercive police activity.  The charges were serious and a custodial situation was clearly required.  Thus, leaving Mr. Lennard at the scene could have had only one purpose – to parade evidentiary item after item in front of him so that he would be compelled to make some explanation.

The statements were clearly of an incriminating nature and constituted admissions against the interests of Mr. Lennard.  They were improperly gained after Mr. Lennard invoked his Sixth Amendment right to counsel.  As a result, the district court erred in denying the motion.  It is requested that this Court find that the district court erred in denying the motion and remand the matter to the district court.  This would permit Mr. Lennard an opportunity to contest the charges without the statements being used against him.

### 3. MR. LENNARD'S RIGHT TO A TRIAL BY JURY AS GUARANTEED UNDER THE SIXTH AMENDMENT WAS VIOLATED BY THE DISTRICT COURT'S IMPOSITION OF ENHANCEMENTS IN HIS BASE OFFENSE LEVEL.

The Court should reverse this clearly unreasonable sentence based substantially upon the existence of judge-found facts. Mr. Lennard's sentence violates the Sixth Amendment because the district court could not have imposed a sentence utilizing enhancements that were not admitted by him or presented to a jury for fact finding in excess of the base offense level of 32, or a guideline range, assuming a criminal history level two, of 151-188 months, unless the court engaged in substantial judicial fact-finding.

The district court employed a number of enhancements in determining Mr. Lennard's sentence. Those enhancements consisted of the following:

> 1. 4 levels for criminal activity involving a minor younger than 12 years old (2G2.1(b)(1));
> 2. 2 levels for engaging in the distribution of the material (2G2.1(b)(3));
> 3. 2 levels because the victim was in the custody and care of the defendant (2G2.1(b)(5));
> 4. 2 levels for engaging in a pattern of activity involving the commission of a sexual act or sexual contact (2G2.1(b)(2)(A));
> 5. 2 levels for engaging in a pattern of activity involving prepubescent minors (2G2.2(b)(2));
> 6. 2 levels for engaging in a pattern of activity involving the distribution of child pornography (2G2.2(b)(3)(F));
> 7. 5 levels for engaging in a pattern of activity involving the sexual abuse or exploitation of children (2G2.2(b)(5));

15

8. 4 levels for material portraying sadistic and/or masochistic conduct (2G2.2(b)(4));

9. 2 levels for the use of a computer (2G2.2(b)(6));

10. 5 levels for multiple images (2G2.2(b)(7)(D)).

The total number of levels enhancing Mr. Lennard's sentence far exceeded the base offense level of 32 for Counts One and Two. In addition, the sentence was enhanced three levels for multiple counts. The adjusted guideline range is a base offense level 45.

The facts supporting the enhancements were part of the government's statement of facts and those contained in the PSR. Mr. Lennard did not acknowledge any of these facts by virtue of his no contest pleas. The district court adopted the government's statement of facts at the sentencing hearing.

Without these judge-made findings of fact, Mr. Lennard's advisory sentencing guideline range, assuming a guideline range of 32, criminal history level two, was 135-168 months. However, because three of the counts contained minimum, mandatory sentences, the sentence would be the total, 35 years, assuming the imposition of consecutive sentences.

With the judge-made facts, the advisory guideline range was life. This action on the part of the district court is in clear conflict with the Sixth Amendment.

Mr. Lennard's argument here finds ample support in the Supreme Court's decision in <u>Rita v. United States</u>, 551 U.S. 338 (2007). This case raises Sixth

16

Amendment concerns elaborated upon in Justice Scalia's concurring opinion in <u>Rita</u> where judicial fact-finding dramatically increases the defendant's sentence.  Justice Scalia observed that the Supreme Court's majority opinion in <u>Rita</u> "does not rule out as-applied Sixth  Amendment challenges to sentences that would not have been upheld as reasonable on the facts encompassed by the jury verdict or guilty plea." <u>Id.</u> at 375.  Further, review for substantive reasonableness using even advisory Guidelines "will inevitably [raise] some constitutional violations . . . because there will be some sentences that will be upheld as reasonable only because of the existence of judge-found facts." <u>Id.</u> at 2478.

Justice Scalia's hypothetical is but a modest example of Mr. Lennard's case. Justice Scalia's discussion was specifically addressed in the majority opinion: "Justice Scalia concedes that the Sixth Amendment concerns he foresees are not presented by this case." <u>Id.</u> at 2466.  The majority reiterated that "when district courts impose discretionary sentences, which are reviewed under normal appellate principles by courts of appeals, such a sentencing scheme will ordinarily raise no Sixth Amendment concern." <u>Id.</u> at 2467.

Mr. Lennard's case is not an "ordinary" application of the Guidelines. <u>Rita</u> itself was a largely uncontested, garden-variety application of the Guidelines where the only real issues concerned the "presumption" of appellate reasonableness and the failure

17

of the district court to consider the discretionary Section 3553(a) factors.  In <u>Gall v.</u>

<u>United States</u>, 552 U.S. 38 (2007), Justice Scalia again wrote a concurring opinion,

emphasizing that "the Court has not foreclosed as-applied constitutional challenges

to sentences" and that "the door therefore remains open for a defendant to demonstrate

that his sentence, whether inside or outside the advisory Guidelines range, would not

have been upheld but for the existence of a fact found by the sentencing judge and not

by the jury." <u>Gall</u>, 552 U.S. at 60  (Scalia, J., concurring).

The "jury" is quite literally "still out" on whether judge-found facts -particularly

where they are as contested as those presented here, may elevate the sentence years

beyond which the sentence would be found unreasonable in the absence of those

judge-found facts.  That <u>Rita</u> and <u>Gall</u> openly agree that this issue is "still out there"

gives significant force to Justice Scalia's concurring opinion that a Sixth Amendment,

applied attack on a particular sentence, might well be successful.  Mr. Lennard's

appeal presents all the elements of that issue in its purest form.

Accordingly, Mr. Lennard relies upon the opinions in <u>Rita</u> and <u>Gall</u> that his

sentence in excess of 35 years is in direct contravention of the Sixth Amendment.

CONCLUSION

For all of the above stated reasons, it is requested that this court remand the matter to the district court with an order suppressing all illegally obtained evidence, or, in the alternative, for a new sentencing hearing, with a sentence imposed without judge determined facts.

Respectfully submitted,

/s/ Spiros P. Cocoves

Spiros P. Cocoves
610 Adams St., Second Floor
Toledo, OH 43604
419/241-5506 (voice)
419/242/3442 (fax)
scocoves@gmail.com (email)

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing contains 4333 words of Times New Roman in (14 point) proportional type, in compliance with Fed.R.App.P. 32(a)(7)(B).

/s/ Spiros P. Cocoves \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_

## CERTIFICATION

This is to certify that on May 3, 2011 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

/s/ Spiros P. Cocoves

20

ADDENDUM
APPELLANT SHAWN LENNARD'S DESIGNATION
OF RELEVANT DISTRICT COURT DOCUMENTS

| RECORD NO. | DATE | DESCRIPTION |
| --- | --- | --- |
| R. 1 | 09/18/2009 | Complaint |
| R. 1 | 10/07/2009 | Indictment |
| R. 18 | 01/06/2010 | Superceding Indictment |
| R. 20 | 01/08/2010 | Motion to Suppress Evidence |
| R. 21 | 01/08/2010 | Motion to Suppress Statements |
| R. 34 | 02/05/2010 | Response by United States of America in opposition to Motion to Suppress Evidence |
| R. 35 | 02/05/2010 | Response by United States of America to Motion to Suppress Statements |
| R. 38 | 02/19/2010 | Motion for Psychiatric Treatment & Examination |
| R. 40 | 10/26/2010 | Order |
| R. 42 | 03/12/2010 | Order |
| R. 53 | 10/05/2010 | Judgment |
| R. 54 | 10/27/2010 | Notice of Appeal |
| R. 71 | 02/09/2011 | Plea of Guilty hearing transcript |
| R. 72 | 02/09/2011 | Motion to Suppress hearing transcript |
| R. 73 | 02/09/2011 | Sentencing hearing transcript |

UNDER SEAL

PRESENTENCE REPORT

STATEMENT OF REASONS